United States District Court
Southern District of Texas
**ENTERED**
April 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RAYMOND CHARLES JACKSON, | § | |
| TDCJ #01570860, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-315 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| Defendants. | § | |

# ORDER

Plaintiff, Raymond Charles Jackson (TDCJ #01570860), is an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He filed a complaint under 42 U.S.C. § 1983 alleging that he was injured when a heating duct fell on him. On August 28, 2014, this Court dismissed the complaint as frivolous and for failure to state a claim (Dkt. 18). On June 25, 2015, Jackson filed an untimely notice of appeal (Dkt. 25 at p. 2). The Fifth Circuit has requested that this Court evaluate whether the requirements of Federal Rule of Appellate Procedure 4(a)(6) are met (Dkt. 36).

After looking at Jackson's submissions and its own records, the Court finds that the Rule 4(a)(6) requirements are satisfied. Jackson has submitted evidence indicating that he did not receive a copy of this Court's final judgment within 21 days of the judgment's entry (Dkt. 22-1 at p. 8). In all probability, this can be attributed to the fact that Jackson was transferred right around the time the judgment was entered—on September 8, 2014, the Court received a letter from Jackson indicating that he had been transferred to the McConnell Unit, where he is currently being held (Dkt. 20). Jackson sent a letter to the Court, which the Court

received on January 13, 2015, requesting information about his case (Dkt. 21). In response, the Court sent him a copy of the docket sheet; the Court's docket indicates that the copy went out on January 13, 2015 (Dkt. 21).

Jackson's evidence indicates that he received a piece of mail from the Court on January 20, 2015 (Dkt. 22-1 at p. 8). This must have been the docket sheet, because Jackson mailed his Rule 4(a)(6) motion to the Court a week later, on January 27, 2015 (Dkt. 22 at p. 2). The Court received the motion on January 30, 2015 (Dkt. 22). On June 18, 2015, the Court sent a copy of its memorandum and order to Jackson in response to Jackson's request, but it does not appear that the final judgment was included (Dkt. 24).

Based on Jackson's submissions and its own records, the Court makes the following findings:

(1) Jackson did not receive notice of the Court's final judgment as defined by Federal Rule of Civil Procedure 77(d) within 21 days of the judgment's entry.

(2) Jackson filed his Rule 4(a)(6) motion on January 27, 2015, 152 days after the final judgment was entered. There is no indication that Jackson received notice of the final judgment as defined by Federal Rule of Civil Procedure 77(d) before January 20, 2015, which is when his evidence indicates that he received the Court's docket sheet.[1] Jackson's

---

[1] The Court will assume for the purposes of this motion that mailing the docket sheet to Jackson constituted adequate notice under Federal Rule of Civil Procedure 77(d). *See United States v. Hurst*, 426 Fed. App'x 323, 325 (5th Cir.

2

motion was therefore timely under either date provided in Federal Rule of Appellate Procedure 4(a)(6)(B), as he filed his motion within 180 days of the entry of the final judgment and within fourteen days of receiving the requested copy of the Court's docket sheet, which was the first properly served notice he received of the Court's judgment.

(3) No party will be prejudiced if Jackson's motion is granted. Jackson's complaint was dismissed prior to service of process pursuant to 28 U.S.C. §§ 1915 and 1915A.

The Court finds that the conditions listed in Federal Rule of Appellate Procedure 4(a)(6) are satisfied. Accordingly, the Court **GRANTS** Jackson's motion to reopen the time to file an appeal (Dkt. 22).

The Clerk of this Court shall send a copy of this Order to the parties and to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit docket number is 15-40894.

SIGNED at Galveston, Texas, on _April 21_, 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

2011) (explicitly reserving the question). Even if it did not, Jackson's motion was still timely. *See* FED. R. APP. P. 4(a)(6)(B).